IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDALYNNE DUNCAN and
TYRONE DUNCAN,

       Plaintiffs,

       v.

CITIMORTGAGE, INC.,
PENDERGAST & ASSOCIATES,
P.C., HOWELL A. HALL, and JOHN
PENDERGAST, JR.,

       Defendants.

CIVIL ACTION FILE NO.

1:13-CV-01493-TWT-GGB

Removed from Superior Court
of Fulton County, Georgia
Case No. 2013-CV-228864

## NON-FINAL REPORT AND RECOMMENDATION

This is a wrongful foreclosure action filed by the plaintiffs, Brendalynne and

Tyrone Duncan ("Plaintiffs"), through their counsel, against CitiMortgage, Inc.

("CitiMortgage"), its foreclosure law firm, Pendergast & Associates, P.C.

("Pendergast"), and two attorneys with the Pendergast law firm, Howell A. Hall and

John F. Pendergast, Jr. (collectively, the "Pendergast Defendants").  Plaintiffs initiated

this lawsuit by filing a complaint in the Superior Court of Fulton County, Georgia, on

March 21, 2013, Civil Action No. 2013-CV-228864.  (Doc. 1-2 at 4, Complaint).

On May 3, 2013, the case was removed to this court on the bases of federal question and

diversity jurisdiction.  (Doc. 1, Notice of Removal).

This matter is before the Court on the following motions:

> (1)   Defendant CitiMortgage's Rule 12(b)(6) Motion to Dismiss (Doc. 6); and
>
> (2)   The Pendergast Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 3).

Plaintiffs have filed response briefs in opposition to the pending motions. (Docs. 8, 10).  For the reasons stated below, I recommend that CitiMortgage's and the Pendergast Defendants' motions to dismiss be granted.  The referral to a magistrate judge, however, should not be terminated at this time, as there remains pending a motion for sanctions that will be addressed in a separate order at a later date.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

All of Plaintiffs' claims in this action arise out of a residential mortgage loan that Plaintiffs obtained on June 26, 2004 from nonparty ABN AMRO Mortgage Group, Inc. ("AAMG" or "Lender") to finance the purchase of (or refinance) the real property located at 1703 Silverchase Drive, Marietta, Cobb County, Georgia, 30008 (the "Property").  (Compl. ¶¶ 7-9).  As part of the loan transaction, Plaintiffs executed a promissory note in favor of AAMG in the amount of $179,550.00.  (Doc. 1-7 at 2, Ex. C to Pls.' Compl. [the "Note"]).  A security deed securing the loan was granted by Plaintiffs to AAMG.  (Doc. 1-8 at 2, Ex. D to Pls.' Compl. [the "Security Deed"]). The

Security Deed conveyed to AAMG, and its successors and assigns, the power of sale to secure repayment of the Note in the event that Plaintiffs defaulted on their loan obligations. (Doc. 1-8 at 4). The Security Deed was filed and recorded on August 24, 2004 in the property records of the Superior Court of Cobb County, Georgia, at Book 14031, Page 4840. (Id. at 2). The Security Deed expressly provided that AAMG (and its successors and assigns) had the right to foreclose on and sell the subject Property in the event of a default on the loan, and to take any action required of the Lender.[1]

On or about August 31, 2007, AAMG merged into CitiMortgage, Inc. (Doc. 6-2 at 2, Ex. 2 to CitiMortgage's motion to dismiss, "Certificate of Merger"). CitiMortgage thereby acquired all rights contained in the subject Security Deed, including the power

---

[1] The Court has taken the parties' exhibits into consideration in reviewing the merits of Defendants' motions to dismiss (without converting the motions to motions for summary judgment) because in Plaintiffs' complaint, Plaintiffs refer to the transactions memorialized in the exhibits, the documents are central to Plaintiffs' claims, and the authenticity of the documents has not been challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

3

of sale. <u>See</u> O.C.G.A. § 14-2-1106(a)(2) ("When a merger governed by this article takes effect[,] ... [t]he title to all real estate and other property owned by, and every contract right possessed by, each corporation or entity party to the merger is vested in the surviving corporation or entity without reversion or impairment, without further act or deed, and without any conveyance, transfer, or assignment having occurred[.]"); <u>see also</u> <u>Horowitz v. CitiMortgage, Inc.</u>, Doc. 12 at 7, Opinion and Order granting Motion to Dismiss, No. 1:12-cv-2609-WSD, (N.D. Ga. Feb. 25, 2013) ("In 2007, ABN AMRO and Citi merged. As a result of the merger, Citi acquired the assets, rights and liabilities of ABN AMRO, including the Security Deed, with the power of sale, and the Note.").

After Plaintiffs apparently defaulted on their obligations under the loan, CitiMortgage hired the Pendergast law firm to commence foreclosure proceedings. On August 28, 2012, the Pendergast law firm sent, via certified mail, a notice of foreclosure sale to Plaintiffs notifying them that as a result of their failure to make payments on the Note, the Property would be sold at a foreclosure sale. (Compl. ¶ 10; Doc. 1-4 at 2, "Notice of Foreclosure Sale"). The notice stated that the subject promissory Note was held by CitiMortgage, Inc., as successor in interest by merger with AAMG, that CitiMortgage was the current assignee of the Security Deed, and that CitiMortgage was servicing the loan on behalf of the Federal Home Loan Mortgage

4

Corporation ("Freddie Mac"), "the current owner of your loan."[2]  (Doc. 1-4 at 2).  The

August 28, 2012 Notice of Foreclosure Sale enclosed a copy of the Notice of Sale

Under Power submitted to the publisher of the local newspaper for publication for four

consecutive weeks.[3]  (Id.; Doc. 1-4 at 7, "Notice of Sale Under Power").

The foreclosure sale took place on October 2, 2012, and CitiMortgage, as the

highest bidder, purchased the Property.  (Compl. ¶ 12; Doc. 1-4 at 10, Ex. F to Pls.'

---

[2]   Georgia law provides that the holder of a note is entitled to enforce the note even though the holder may not be the owner of the note.  See O.C.G.A. § 11-3-301. Under the governing statute, "'Person entitled to enforce' an instrument means (i) the holder of the instrument; (ii) a nonholder in possession of the instrument who has the rights of a holder; or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Code Section 11-3-309 or subsection (d) of Code Section 11-3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." O.C.G.A. § 11-3-301.

[3] The Notice of Sale Under Power stated:

> Under and by virtue of the power of sale contained in [the Security Deed] from Brendalynne M. Duncan and Tyrone Lavalle Duncan to ABN AMRO Mortgage Group, Inc. ..., [the Property will be sold at foreclosure] by CitiMortgage, Inc., successor by merger with ABN AMRO Mortgage Group, Inc. ....  Pursuant to O.C.G.A. Section 44-14-162.2 the name of the person or entity who has the full authority to negotiate, amend, or modify the terms of the aforementioned indebtedness is: CitiMortgage, Inc. ....

(Doc. 1-4 at 7).

Compl., "Deed Under Power of Sale").  CitiMortgage then conveyed the Property to Freddie Mac by a Special Warranty Deed that was filed and recorded in the property records of the Cobb County Superior Court on October 19, 2012, at Deed Book 14993, Page 4154.  (Doc. 1-5 at 2-3, Ex. G to Pls.' Compl., "Special Warranty Deed").

On March 21, 2013, Plaintiffs filed the instant action in the Superior Court of Fulton County, Georgia, and on May 3, 2013, CitiMortgage removed this action to federal court on the bases of federal question and diversity jurisdiction, with the Pendergast Defendants' written consent.  (Doc. 1, Notice of Removal).  Plaintiffs did not challenge the removal, and the time for doing so has passed.

On May 6, 2013, the Pendergast Defendants filed a motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 3). On May 10th, Defendant CitiMortgage also filed a motion to dismiss (Doc. 6).  These motions are presently before the Court for consideration.

Plaintiffs' Complaint contains six counts for relief.  The first five counts are based on state law, and the last count is based on a federal statute.  The claims include: Wrongful Foreclosure (Count One); Trespass (Count Two); Malicious Eviction (Count Three); Violations of the Georgia Racketeer Influenced and Corrupt Organizations Act

("RICO") (Count Four); Intentional Infliction of Emotional Distress (Count Five); and Violation of the federal Fair Debt Collection Practices Act ("FDCPA") (Count Six).

## II. **LEGAL STANDARD**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

AO 72A
(Rev.8/82)

> short of the line between possibility and plausibility of
> entitlement to relief.

Id. at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

All reasonable inferences are to be made in favor of the plaintiffs. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

8

## III.  DISCUSSION

**A.  CitiMortgage's Rule 12(b)(6) Motion to Dismiss**

### 1.  Wrongful Foreclosure (Count I)

Count I of Plaintiffs' complaint asserts a claim for wrongful foreclosure.  To state a valid claim for wrongful foreclosure, a plaintiff must allege and show a legal duty owed to the plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages.  Brown v. Federal Nat'l Mortg. Ass'n, No. 10-cv-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011) (citing Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007)); Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).  "[A] violation of [Georgia's foreclosure] statute is necessary to constitute a wrongful foreclosure."  McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000) (citing O.C.G.A. §§ 23-2-114, 44-14-160, *et seq.*) (other citations omitted)).

A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure debt, under O.C.G.A. § 23-2-114.  Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (citing Calhoun First Nat'l Bank v. Dickens, 264 Ga. 285, 285, 443 S.E.2d 837 (1994)).

"A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." <u>DeGolyer v. Green Tree Servicing, LLC</u>, 291 Ga. App. 444, 448-49, 662 S.E.2d 141, 147 (2008) (quoting <u>Brown v. Freedman</u>, 222 Ga. App. 213, 214, 474 S.E.2d 73, 75 (1996)).

Georgia courts have found that a creditor breaches the duty to exercise fairly the power of sale created by O.C.G.A. § 23-2-114 when a creditor fails to provide proper notice of the foreclosure sale in accordance with O.C.G.A. § 44-14-162, *et seq.* <u>See Roylston v. Bank of Am., N.A.</u>, 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008); <u>Calhoun First Nat'l Bank</u>, 264 Ga. at 286, 443 S.E.2d at 839; <u>see also</u> <u>Campbell v. Bank of Am., N.A.</u>, No. 1:10-CV-3657-JEC, 2012 WL 879222, at *2 (N.D. Ga. Mar. 12, 2012). O.C.G.A. § 44-14-162.2(a) requires that:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

<u>Id.</u>

10

When the grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure. Roylston, 290 Ga. App. at 559, 660 S.E.2d at 417; see also Stimus v. CitiMortgage, Inc., No. 5:10-CV-435(MTT), 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011).

In Count I of Plaintiffs' complaint, Plaintiffs allege that CitiMortgage was bound by Georgia's foreclosure statute to properly identify the secured creditor in its Notice of Foreclosure to Plaintiffs and to reflect that the notice was being sent by the secured creditor or by an entity with authority on behalf of the secured creditor. (Compl. ¶ 20). Plaintiffs allege that CitiMortgage breached its duty by identifying itself as the secured creditor "when in fact the secured creditor was Fannie Mae." (Id.). A review of the Notice of Foreclosure dated August 28, 2012 that Plaintiffs attached to their complaint (sent to Plaintiffs by CitiMortgage's foreclosure counsel) and the enclosed Notice of Sale Under Power shows that Plaintiffs' Count I allegations are without merit. (Doc. 1-4 at 2).

First, the Notice of Foreclosure expressly identified that CitiMortgage, Inc. (successor by merger with ABN AMRO Mortgage Group, Inc.) held the Note, was the current assignee of the subject Security Deed, and serviced the loan "on behalf of

11

Federal Home Loan Mortgage Corporation ['Freddie Mac'], the current owner of your loan." (Id. at 2, 4).  The Georgia Supreme Court recently clarified that under Georgia's foreclosure statute, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  You v. JP Morgan Chase Bank, 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013).

Plaintiffs have not challenged CitiMortgage's assertion that ABN AMRO and CitiMortgage merged in 2007, and as a result of the merger, CitiMortgage acquired the assets, rights and liabilities of ABN AMRO, including the subject Security Deed, with the power of sale, and the Note.  Plaintiffs have also not disputed that prior to the foreclosure sale, they were in default under the terms of their promissory Note and Security Deed.   Nor have Plaintiffs alleged or shown that CitiMortgage, by virtue of its merger with ABN AMRO, did not hold both the Note and the subject Security Deed at the time the Notice of Foreclosure was sent to Plaintiffs.  Thus, Plaintiffs have failed to show that CitiMortgage was not fully entitled to exercise the power of sale in accordance with the terms of the Security Deed.

Plaintiffs' claim that CitiMortgage failed to provide the required statutory notice prior to foreclosing also fails as a matter of law.  Pursuant to You, Georgia law does not

require that the foreclosing party be expressly identified as the "secured creditor" in the notice described by the statute, O.C.G.A. § 44-14-162.2(a); rather, the notice must include "the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." You, 293 Ga. at 74-75 & n.7, 743 S.E.2d at 433-34 & n.7.  Here, the notice sent to Plaintiffs by CitiMortgage's foreclosure counsel specifically identifies CitiMortgage as the entity with full authority to negotiate, amend, or modify the terms of the loan.  (Doc. 1-4 at 4).  The Notice of Sale Under Power similarly identifies CitiMortgage as the entity with full authority to negotiate, amend, or modify the terms of the loan.  (Doc. 1-4 at 7).

In their response in opposition to CitiMortgage's motion to dismiss, Plaintiffs now argue that Freddie Mac, as investor of their loan, was the entity with authority to modify the loan, not CitiMortgage.  Plaintiffs, however, have provided no legal or factual basis to support their bald assertion.  Conclusory assertions and unwarranted deductions of fact need not be admitted as true.  In any event, Plaintiffs alleged in their complaint that the secured creditor was Fannie Mae, not Freddie Mac as they now contend. (Compl. ¶ 20 [underlining added]).  "[A] plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss."  In re Androgel

Antitrust Litig. (No. II), 687 F. Supp. 2d 1371, 1381 (N.D. Ga. 2010) (quoting Kuhn v. Thompson, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004)).

Plaintiffs next allege and argue that CitiMortgage is liable for wrongful foreclosure because CitiMortgage failed to comply with the requirements set forth in Paragraph 22 of the Security Deed. (Compl. ¶ 21). This claim and argument are also without merit.

Paragraph 22 of the Security Deed requires that prior to accelerating the loan upon default, the lender must give the borrower(s) written notice of the default specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Deed and sale of the Property. (Doc. 1-8, Security Deed, at 10, ¶ 22). The notice must also inform the borrower(s) of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. (Id.).

Plaintiffs allege in their complaint (and argue in their response brief) that "Defendant" is still in violation of Paragraph 22 of the Security Deed because

14

"Defendant" failed to provide Plaintiffs notice of their default; the action required to cure the default; a date not less than 30 days from the date the notice was given by which the default needed to be cured; Defendant failed to advise Plaintiffs that failure to cure the default on or before a date certain may result in acceleration of the sums secured by the Security Deed and sale of the subject Property, and that Plaintiffs had a right to reinstate after acceleration.  (Compl. ¶ 21; Doc. 10 at 9).

Contrary to Plaintiffs' allegation and argument, the record shows that the notice of default sent to Plaintiffs by CitiMortgage on or about June 20, 2012 complied with all material requirements of Paragraph 22 of the Security Deed.  (See Doc. 6-3 at 2, Default Notice dated June 20, 2012).   The notice expressly informed Plaintiffs Brendalynne Duncan and Tyrone Duncan that "THE ABOVE REFERENCED LOAN IS IN DEFAULT."  (Id.).  The notice stated the specific action required to cure the default ("To prevent CitiMortgage from instituting foreclosure proceedings, we must receive $11,280.46, including $2,359.90 in late charges and $1,205.00 in delinquency related expenses.").  The notice stated a date by which the default must be cured ("We must receive this amount by 07/26/12 ...."); and the notice gave Plaintiffs notice that failure to cure the default may result in acceleration ("Failure to cure the default by 7/26/12 may result in the acceleration of all sums due under the Security Instrument.").

The notice also informed Plaintiffs that they had "the right to reinstate [the] loan after acceleration in accordance with the terms of the Security Instrument [and] ... the right to bring a court action ...." (Id.).  Plaintiffs' conclusory allegation that CitiMortgage failed to provide the notice of default as required by Paragraph 22 of the Security Deed lacks legal or factual merit, is contradicted by the exhibits attached to Plaintiffs' complaint, and is therefore due to be dismissed.  See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (concluding that when the exhibits contradict the general and conclusory allegations of the pleading, "the exhibits govern"); see also Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.").

For all the stated reasons, Plaintiffs have failed to state a plausible claim for wrongful foreclosure.  Accordingly, I recommend that CitiMortgage's Rule 12(b)(6) motion to dismiss Plaintiffs' Count I claim for wrongful foreclosure be granted.

**2.      Trespass (Count II)**

In Count II of their complaint, Plaintiffs bring a state law claim for trespass. Plaintiffs generally allege that CitiMortgage intentionally and consciously interfered with Plaintiffs' right to the exclusive use and benefit of the Property, thereby breaching the duty not to interfere with the Plaintiffs' "health, reputation, or property." (Compl. ¶¶ 26-27). Plaintiffs assert that the breach occurred when the "Defendants intentionally interfered with the plaintiffs' right of possession and equitable right of redemption by wrongfully and unlawfully exercising the power of sale and filing the dispossessory action against plaintiffs." (Id. ¶ 29). Plaintiffs seek punitive damages based on their claim that the trespass was willful and committed on property which the Defendants' knew belonged to someone else. (Id. ¶ 32).

Because Plaintiffs' trespass cause of action is entirely dependent on Plaintiffs' wrongful foreclosure claim, Plaintiffs' trespass claim also fails. See Simpson v. Jones, 182 Ga. 544, 186 S.E. 558 (1936) (concluding that petition attacking foreclosure proceedings stated no cause of action for trespass by reason of removal of mortgaged property from petitioner's premises, where foreclosure proceedings were not void for any reason assigned).

17

Under Georgia law, "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." O.C.G.A. § 51-9-1. To maintain an action for trespass, Plaintiffs must allege and show that they were the true owners of the Property or that they were in lawful possession at the time of the trespass. Smith v. Forrester, 156 Ga. App. 79, 79, 274 S.E.2d 101, 102 (1980) (citing Tolnas v. Pope, 212 Ga. 50, 90 S.E.2d 420 (1955)).

Under the circumstances of this case, Plaintiffs' trespass claim fails to state a plausible claim under federal or state law. There are no allegations in Plaintiffs' complaint that identify or explain what "health, reputation, or property" Plaintiffs contend CitiMortgage unlawfully interfered with, or how CitiMortgage allegedly interfered, except insofar as Plaintiffs vaguely assert that the "trespass" occurred when "Defendants wrongfully and unlawfully exercis[ed] the power of sale and fil[ed] a dispossessory action against plaintiffs." (Compl. ¶ 29). After Plaintiffs apparently defaulted on their obligations under the loan, it is undisputed that CitiMortgage sold and repurchased the Property at a foreclosure sale on October 2, 2012. Unless that sale is set aside, Plaintiffs would appear to have no ownership claim to the Property at all. See Peterson v. Merscorp. Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at

*4 (N.D. Ga. Sept. 10, 2012) (citing <u>Bellamy v. F.D.I.C.</u>, 236 Ga. App. 747, 749, 512 S.E.2d 671 (1999) ("The purchaser [of] a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside."); <u>Womack v. Columbus Rentals, Inc.</u>, 223 Ga. App. 501, 503, 478 S.E.2d 611 (1996); <u>Hague v. Kennedy</u>, 205 Ga. App. 586, 588, 423 S.E.2d 283 (1992)).

Even if the Court were to assume that Plaintiffs had sufficiently alleged some specific deprivation of personalty or property (which they have not), this Court has previously concluded that Georgia law does not recognize trespass as an appropriate remedy for deprivation of property pursuant to judicial process.  <u>See</u>  <u>Analytical Sys., Inc. v. ITT Commercial Fin. Corp.</u>, 696 F. Supp. 1469, 1473 (N.D. Ga. 1986) ("the fact that [inventory was seized] pursuant to judicial process renders trespass an inappropriate remedy"; instead, the plaintiff's remedy, if any, "would be in the nature of an action for malicious use of process.").

Plaintiffs have failed to state a viable or plausible cause of action for trespass. For the reasons stated, I recommend that CitiMortgage's motion to dismiss Plaintiffs' Count II trespass claim be granted.

19

### 3.    Malicious Eviction (Count III)

Plaintiffs' Count III claim for malicious eviction is also due to be dismissed for failure to state a claim.  Plaintiffs' complaint does not allege, nor do Plaintiffs argue in their brief, that CitiMortgage was involved in any way with a dispossessory proceeding involving Plaintiffs.  Although Plaintiffs' complaint generally references Georgia landlord-tenant case law, the complaint fails to allege or show that Plaintiffs ever were tenants of CitiMortgage, that CitiMortgage was ever Plaintiffs' landlord, or that Plaintiffs were maliciously evicted from the Property by CitiMortgage.

Moreover, in response to CitiMortgage's motion to dismiss, Plaintiffs have failed to address or respond in any way to CitiMortgage's arguments concerning Plaintiffs' claim for malicious eviction.  In this circuit, a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned.  See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (stating that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); Kirkland v. County Comm'n of Elmore County, Ala., No. 2:08-cv-86-MEF, 2009 WL 596538, at *2 (M.D. Ala. Mar. 6, 2009) (listing cases concluding that a plaintiff's failure to respond to arguments in a defendant's motion to dismiss properly resulted in dismissal of those claims as abandoned); Hooper

20

v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned); White v. Ga. Dep't of Motor Vehicle Safety, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) ("it is well-accepted in this district that the failure to respond to arguments relating to a claim constitutes abandonment of the claim.").

Plaintiffs' failure to defend or address their malicious eviction claim supports a finding of abandonment.  See, e.g., Hudson v. Norfolk Southern Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it")); Lyes v. City of Riviera Beach, Fla., 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments").

Plaintiffs have failed to address the arguments upon which CitiMortgage contends that Plaintiffs' malicious eviction claim merits dismissal. Plaintiffs' malicious eviction claim also fails to meet the minimum pleading standards under Fed. R. Civ. P.

8 as clarified in Iqbal/Twombly, and fails to state a claim upon which relief can be granted.  For the reasons stated, I recommend that CitiMortgage's motion to dismiss Plaintiffs' Count III malicious eviction claim be granted.

### 4.    Georgia RICO (Count IV)

In Count IV, Plaintiffs allege that "Defendants," through a pattern of racketeering activity, have directly acquired an interest in and control of real property and personal property, in violation of Georgia's Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. § 16-14-4.  (Compl. ¶¶ 42-43).  Plaintiffs allege that "Defendants" violated the following criminal statutes by unlawfully depriving Plaintiffs of unspecified property: theft by taking (O.C.G.A. § 16-8-2); theft by deception (O.C.G.A. § 16-8-3); theft by conversion (O.C.G.A. § 16-8-4); residential mortgage fraud by filing with the official registrar of deeds in Cobb County a document that "defendant" knew contained a deliberate misstatement, misrepresentation, and omission (O.C.G.A. § 16-8-102); and obstruction of public administration by filing false statements with the Cobb County registrar, by filing a false affidavit with the clerk of court in a dispossessory action, and by using a false deed under power as evidence during a purported dispossessory trial (O.C.G.A. § 16-10-20).  (Compl. ¶¶ 42-44).  Count IV also alleges that CitiMortgage committed mail fraud, and fraud by wire, radio, or television in

22

interstate or foreign commerce, in violation of 18 U.S.C. §§ 1341 and 1343, by filing false affidavits and deeds in an unidentified government subdivision of the state of Georgia.  (Id. ¶ 43).

Georgia's RICO statute makes it unlawful for anyone to acquire an interest in or control of money or property through a pattern of racketeering activity.  Cobb County v. Jones Group P.L.C., 218 Ga. App. 149, 154, 460 S.E.2d 516, 521 (1995) (citing O.C.G.A. § 16-14-4(a)).  To state a plausible RICO claim, Plaintiffs must allege and show racketeering activity, which means that Plaintiffs must show that the defendant(s) "committed predicate offenses (set forth in OCGA § 16-14-3(9)) at least twice."  Id.; Perimeter Realty v. GAPI, Inc., 243 Ga. App. 584, 590, 533 S.E.2d 136, 143 (2000) (stating that a "pattern of racketeering activity" is defined as two or more similar incidents of criminal conduct).  A single transaction does not constitute a pattern of racketeering activity.  Perimeter Realty, 243 Ga. App. at 591, 533 S.E.2d at 144.  Plaintiffs must also allege and show a "direct causal connection between [the] injury and the commission of the predicate acts."  Brown v. Moe's Southwest Grill, LLC, No. 1:07-cv-0741-RWS, 2009 WL 5175280, at *1 (N.D. Ga. Dec. 21, 2009) (citing O.C.G.A. §§ 16-14-4 and 16-14-3(2)) (other citation omitted).

23

Plaintiffs have failed to state a plausible claim under Georgia's civil RICO statute. Plaintiffs' passing references to multiple criminal statutes fail to satisfy the pleading requirements of Fed. R. Civ. P. 8, and fail to set forth a plausible entitlement to relief, under Iqbal and Twombly. In Count IV, Plaintiffs incorporate all prior allegations. Plaintiffs then attempt to assert a RICO claim, based on theft, deception, and fraud against all defendants without specifying how each of them engaged in the alleged misconduct. Although Plaintiffs allege that "Defendants" engaged in deceit when they intentionally created and failed to correct the false impression that CitiMortgage was the secured creditor with the legal right to foreclose, and by "secreting" unidentified unrecorded property transfers, Plaintiffs have failed to allege any specific facts with regard to CitiMortgage that may be construed as predicate offenses that represent a pattern of racketeering activity under Georgia's civil RICO statute. See Williams v. Unum Life Ins. Co. of Am., No. 1:07-cv-0240-JOF, 2007 WL 2479561, at *2 (N.D. Ga. Aug. 27, 2007) (dismissing the plaintiff's Georgia RICO claim where the plaintiff failed to allege any facts that could be construed as two predicate acts).

Plaintiffs have also failed to state a claim under the federal fraud statutes that they have cited. The particularity requirement for fraud in Rule 9(b) of the Federal Rules of

24

Civil Procedure applies to fraud-based Georgia RICO claims brought in federal court, such as Plaintiffs'.  <u>See</u> <u>Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG</u>, 341 F. App'x 487, 493 (11th Cir. 2009).  Thus, Plaintiffs' complaint must set forth:

> (1) precisely what statements were made in what documents ..., (2) the time and place of each such statement and the person responsible for making [them], and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

<u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997) (citations and quotation marks omitted).  "Because fair notice is perhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme."  <u>Id.</u> at 1381 (quotation marks, brackets, and citations omitted).  Where, like here, the case involves more than one defendant, "the complaint should inform each defendant of the nature of his alleged participation in the fraud."  <u>Id.</u> (citations and quotation marks omitted).

Here, Plaintiffs' complaint fails to identify the time or place of the alleged taking of Plaintiffs' property and filing of false affidavits, nor does it identify who created the false documents or committed the fraud and alleged theft.  Plaintiffs' allegations are too vague and general to meet the requirements of Rule 9(b), and, therefore, cannot support a claim under RICO where the predicate act sounds in fraud.  <u>Id.</u> at n.1.

Plaintiffs have alleged no facts that would support a claim that CitiMortgage violated Georgia's civil RICO statute. For the reasons stated, I recommend that Plaintiffs' Count IV RICO claim against CitiMortgage be dismissed for failure to state a claim.

**5.    Intentional Infliction of Emotional Distress (Count V)**

In Count V of their complaint, Plaintiffs seek emotional damages for the alleged wrongful foreclosure. (Compl. ¶¶ 48-49). Under Georgia law, "[i]n a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to cancellation of the foreclosure." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448-49, 662 S.E.2d 141, 147-48 (2008) (citations omitted). "[S]uch action for damages for emotional distress is treated as [a tort] action for intentional infliction of emotional distress, and the burden that plaintiff must meet is a stringent one in order to prevail." Id. (citing McCarter, 247 Ga. App. at 133, 543 S.E.2d at 758) (stating that "intentional conduct to cause harm is an essential element of such action.")). Accordingly, I will construe Plaintiffs' claim for emotional damages as a claim for intentional infliction of emotional distress.

However, I have recommended that Plaintiffs' underlying wrongful foreclosure claim against CitiMortgage be dismissed. Should the district court accept that

recommendation, Plaintiffs' dependent claim for intentional infliction of emotional distress for the alleged wrongful foreclosure is also due to be dismissed.

To the extent that Plaintiffs are seeking to assert an independent tort cause of action against CitiMortgage for intentional infliction of emotional distress, Plaintiffs have failed to allege or show the underlying facts necessary to establish the elements of such a claim. Under Georgia law, a plaintiff must establish (1) intentional or reckless conduct; (2) extreme and outrageous conduct; (3) a causal connection between the alleged conduct and the emotional distress; and (4) severe emotional injury. Jarrard v. United Parcel Serv., Inc., 242 Ga. App. 58, 59, 529 S.E.2d 144, 146 (2000); Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d 445, 447-48 (1985). Georgia courts have held that "[t]he defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Blue View Corp. v. Bell, 298 Ga. App. 277, 278, 679 S.E.2d 739, 741 (2009). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Id. "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Bridges, 176 Ga. App. at 230, 335 S.E.2d at 448.

In this case, Plaintiffs allege that they have suffered severe humiliation, mental anguish, emotional and physical distress, and that they have been injured in mind and body. (Compl. ¶ 49). Plaintiffs, however, have not alleged any facts which suggest that Defendants' actions were "extreme" or "outrageous" as required by law. Racette v. Bank of America, N.A., 318 Ga. App. 171, 179, 733 S.E.2d 457, 465 (2012) (concluding that the plaintiffs' allegation that the appellees conducted the 2011 foreclosure sale despite knowing of inaccuracies in the published foreclosure advertisements "cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency."). Accordingly, to the extent Plaintiffs are seeking to bring an independent state law claim against CitiMortgage for intentional infliction of emotional distress, that claim is due to be dismissed.

For the reasons stated, I recommend that CitiMortgage's Rule 12(b)(6) motion to dismiss Plaintiffs' Count V claim for intentional infliction of emotional distress be granted.

**6.     Fair Debt Collection Practices Act (FDCPA) (Count VI)**

Count VI of Plaintiffs' complaint purports to bring a claim or claims pursuant to the federal FDCPA, 15 U.S.C. § 1692, *et. seq.* Plaintiffs generally allege that the "Loan servicer Defendant instituted the non-judicial foreclosure action against Plaintiffs,

28

failing [sic] to identify the name of the creditor to whom the debt was actually owed, failed to provide contractual notice required by the security deed, [and] failed to provide notice required by Georgia Law."  (Compl. ¶ 57).

The FDCPA was intended by Congress to eliminate abusive debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. § 1692, *et seq*.  Section 1692e of the FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  That means that in order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a "debt collector," and (2) that the challenged conduct is related to debt collection.  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012).

Plaintiffs' conclusory allegations fail to state a plausible claim against CitiMortgage under the FDCPA.   It is undisputed that CitiMortgage held the subject Note and Security Deed, and also serviced Plaintiffs' loan.  Although Plaintiffs have generally alleged that "Defendants" are "debt collectors" as defined in the FDCPA, Plaintiffs have failed to show that with regard to the subject Note and Property, CitiMortgage was a "debt collector" under the FDCPA.

Under the FDCPA, the term "debt collector" generally does not include creditors or mortgage servicers, like CitiMortgage, as long as the debt was not in default at the time it was assigned, but only persons "in any business the principal purpose of which is the collection of any debts ... owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); see Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009) ("Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned."); Graham v. MERS, Inc., No. 2:11-CV-00253-RWS, 2012 WL 527665, at *5 (N.D. Ga. Feb. 17, 2012) (citing 15 U.S.C. § 1692a(6)) ("the term 'debt collector' does not include mortgage originators or servicers, but only persons 'in any business the principal purpose of which is the collection of any debts ... owed or due or asserted to be owed or due another.'"); see also Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (concluding that a creditor and mortgage servicer "were not debt collectors because they were attempting to collect their own debt").

Plaintiffs have not alleged or shown that the principal purpose of CitiMortgage's business is the collection of debts owed to other parties. 15 U.S.C. § 1692a(6). Nor

30

have Plaintiffs alleged or shown that Plaintiffs' loan was in default when ABN AMRO Mortgage Group, Inc. merged into CitiMortgage.  Thus, Plaintiffs have not shown that CitiMortgage is a "debt collector" subject to the FDCPA.  Plaintiffs have also failed to allege that the challenged conduct was related to debt collection, or that Plaintiffs were subjected to debt collection activity by CitiMortgage in connection with their loan. In sum, Plaintiffs' complaint lacks any factual context from which the Court could infer that CitiMortgage violated any particular provision or provisions of the FDCPA.

Instead, paragraph 53 of Plaintiffs' complaint inexplicably alleges that CitiMortgage retained the services of the Pendergast law firm and individual defendant Hall "for collection in regards to an alleged delinquency of Plaintiffs' rent."  (Compl. ¶ 53).  However, the complaint contains no allegations or facts that would plausibly support a claim under the FDCPA involving delinquent rental payments.

For the reasons stated, Plaintiffs' FDCPA allegations fail to meet the minimum pleading standards under Rule 8, Iqbal and Twombly, and fail to state a viable claim. Accordingly, I recommend that CitiMortgage's motion to dismiss Plaintiffs' Count VI claim against CitiMortgage pursuant to the FDCPA be granted.

31

**7.    Attorney's Fees, Expenses, and Punitive Damages**

Interspersed throughout the counts of Plaintiffs' complaint are various claims for attorney's fees, litigation costs and expenses under O.C.G.A. § 13-6-11 and the FDCPA, and punitive damages pursuant to O.C.G.A. § 51-12-5.1(b).

O.C.G.A. § 13-6-11 provides for an award of attorney's fees and litigation expenses only where the defendant is shown to have acted in bad faith, to have been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. Plaintiffs have failed to make such a showing. Plaintiffs have failed to plead or demonstrate any facts or scenario that would justify such an award. Plaintiffs have also failed to show, under the circumstances of this case, that they are entitled to attorney's fees, costs, or expenses pursuant to the FDCPA.

In Georgia, punitive damages "may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b). Georgia courts have consistently recognized that a claim for punitive damages is effective only if there is a valid claim for actual damages to which

32

it could attach, and that punitive damages may not be recovered if the party's substantive claims have failed. <u>J. Kinson Cook of Ga., Inc. v. Heery/Mitchell</u>, 284 Ga. App. 552, 561, 644 S.E.2d 440, 449 (2007); <u>Nelson & Hill, P.A. v. Wood</u>, 245 Ga. App. 60, 67, 537 S.E.2d 670, 677 (2000) (concluding that summary judgment on the punitive damages claim was appropriate because that claim was dependent upon the merits of the plaintiff's failed breach of fiduciary duty claim).

As Plaintiffs' state law claims are due to be dismissed for failure to state a claim, no claim exists to which a punitive damages claim can attach. <u>Wood v. Archbold Med. Ctr.</u>, 738 F. Supp. 2d 1298, 1371 (M.D. Ga. 2010); <u>see also</u> <u>Franklin Credit Mgmt. Corp. v. Friedenberg</u>, 275 Ga. App. 236, 242, 620 S.E.2d 463, 468 (2005) (stating that a claim for punitive damages is not an independent cause of action).

For the reasons stated, I recommend that Plaintiffs' claims for attorney's fees, costs, litigation expenses, and punitive damages be dismissed for failure to state a claim.

### 8.    Conclusion

Plaintiffs' factual allegations are far from sufficient to support any of the claims that Plaintiffs have asserted against CitiMortgage in this action with regard to the loan and Property at issue in this case. For all the stated reasons, Plaintiffs' complaint fails to state a cognizable claim against Defendant CitiMortgage. Accordingly, I recommend

AO 72A
(Rev.8/82)

that CitiMortgage's motion to dismiss (Doc. 6) Plaintiffs' complaint be **GRANTED** in its entirety.

**B.**   **The Pendergast Defendants' Motion to Dismiss**

For the same or similar reasons, I recommend that the Pendergast Defendants' motion to dismiss (Doc. 3) also be granted.  Plaintiffs' "threadbare conclusions," "naked assertions," and general citations to case law and statutes (that are never addressed or applied to the conduct of any specific defendant) do not survive the Rule 12(b)(6) standard and are at best speculative.

***Individual Defendants John F. Pendergast, Jr. and Howell A. Hall***

With regard to individual defendants John F. Pendergast, Jr. and Howell A. Hall, the Pendergast Defendants correctly argue that Plaintiffs' complaint fails to allege any specific conduct by either person and, despite repeated queries, Plaintiffs have failed and/or refused to articulate why Messrs. Pendergast and Hall are named as defendants. Apart from listing and identifying John Pendergast and Howell Hall as defendants in this matter, Plaintiffs' complaint contains no specific allegations regarding any wrongdoing on the part of either of these individuals.  Plaintiffs' complaint also fails to allege any facts regarding what particular role, if any, these individuals played in the events underlying Plaintiffs' complaint.  See Gonzalez v. Asset Acceptance, LLC, No.

2:07-cv-415-FtM-29SPC, 2008 WL 2694895, at *2 (M.D. Fla. July 2, 2008) (concluding that in the absence of any factual allegations showing that defendant was responsible for any violations of law or adequate factual bases upon which defendant could be held vicariously liable, the defendant's status as a registered agent was insufficient to support the bases of liability asserted by the plaintiff).

In addition, the motion to dismiss filed by the Pendergast Defendants was filed on behalf of all three defendants (Pendergast & Associates, P.C., John F. Pendergast, Jr., and Howell A. Hall).  Plaintiffs' response brief, however, completely ignores that fact and states that the response is in opposition to the motion to dismiss filed (solely) by "Defendant Pendergast & Associates, P.C." (Doc. 8, Pls.' Resp. Br.).  The response also fails to mention or address any claims that Plaintiffs have purported to bring against individual defendants Pendergast and Hall.  Plaintiffs' failure to brief and argue their claims against the individual defendants in response to the Pendergast Defendants' motion to dismiss warrants declaring such claims abandoned.  See Coalition for the Abolition of Marijuana Prohibition, 219 F.3d at 1326 (stating that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); Kirkland, 2009 WL 596538, at *2 (same).

Absent a single factual allegation regarding individual defendants John Pendergast and Howell Hall showing that either defendant was responsible for any violations of law or upon which either defendant could be held vicariously liable, Plaintiffs' complaint plainly fails to state a plausible claim for relief against either individual. Accordingly, for all the reasons stated, I recommend that the Pendergast Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' complaint against individual defendants John Pendergast and Howell Hall be granted for failure to state a claim.

***Pendergast & Associates, P.C.***

For the reasons stated below, Plaintiffs have also failed to state a plausible claim against CitiMortgage's foreclosure law firm, Defendant Pendergast & Associates, P.C. (hereinafter "the Pendergast law firm").

### 1.   Wrongful Foreclosure

In Count I of their complaint, Plaintiffs allege that CitiMortgage, directly and through the Pendergast law firm, wrongfully foreclosed on Plaintiffs' home. According to Plaintiffs, the foreclosure was wrongful because: (1) the entity that gave notice, advertised and conducted the foreclosure sale, CitiMortgage, was not the secured creditor of the residential mortgage loan at issue in this lawsuit; (2) the correspondence that was sent to the Plaintiffs failed to comply with the notice requirements of Georgia's

36

foreclosure statute, O.C.G.A. § 44-14-162.2; (3) "Defendants" breached their contractual duty to Plaintiffs by failing to comply with Paragraph 22 of the Security Deed; (4) "Defendants'" notice of foreclosure and published advertisement of the foreclosure sale failed to meet the minimum legal requirements imposed by the Security Deed and Georgia law; and (5) "Defendants" breached their fiduciary duty to exercise the power of sale fairly and in good faith.  (Compl. ¶¶ 18-22).

As set out above in the section addressing CitiMortgage's motion to dismiss, in order to state a valid claim for wrongful foreclosure, Plaintiffs must allege and show a legal duty owed to Plaintiffs by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages.  Brown v. Federal Nat'l Mortg. Ass'n, No. 10-cv-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011); Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).  "[A] violation of [Georgia's foreclosure] statute is necessary to constitute a wrongful foreclosure." McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755 (2000) (citing O.C.G.A. §§ 23-2-114, 44-14-160, *et seq.*) (other citations omitted)).

A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure debt under O.C.G.A. § 23-2-114. Peterson v. Merscorp Holdings, Inc., No. 1:12-

cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (citing Calhoun First Nat'l Bank v. Dickens, 264 Ga. 285, 285, 443 S.E.2d 837 (1994)).  "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448-49, 662 S.E.2d 141, 147 (2008) (quoting Brown v. Freedman, 222 Ga. App. 213, 214, 474 S.E.2d 73, 75 (1996)).

Georgia courts have found that a creditor breaches the duty to exercise fairly the power of sale created by O.C.G.A. § 23-2-114 when a creditor fails to provide proper notice of the foreclosure sale in accordance with O.C.G.A. § 44-14-162, *et seq*.  See Roylston v. Bank of Am., N.A., 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008); Calhoun First Nat'l Bank, 264 Ga. at 286, 443 S.E.2d at 839; see also Campbell v. Bank of Am., N.A., No. 1:10-CV-3657-JEC, 2012 WL 879222, at *2 (N.D. Ga. Mar. 12, 2012).  When the grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure.  Roylston, 290 Ga. App. at 559, 660 S.E.2d at 417; see also Stimus v. CitiMortgage, Inc., No. 5:10-CV-435(MTT), 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011).

38

As stated above, Plaintiffs have not disputed that prior to the foreclosure sale, they were in default under the terms of their promissory Note and Security Deed. Under the circumstances of this case, however, the Pendergast law firm was not the secured creditor or foreclosing party; CitiMortgage was.  Plaintiffs' complaint effectively recognizes that fact by attaching the August 28, 2012 notice of foreclosure sale that the Pendergast law firm sent to Plaintiffs on CitiMortgage's behalf and by alleging that the Pendergast law firm conducted the foreclosure sale "on behalf of its principal Citi."  (Doc. 1-4 at 2; Compl. ¶ 12).

For the same or similar reasons as those set forth in the section addressing CitiMortgage's motion to dismiss, Plaintiffs have failed to sufficiently allege or show that CitiMortgage was not the holder of the Note and Security Deed at issue in this lawsuit; that the notice of foreclosure sent to the Plaintiffs by the Pendergast law firm on behalf of CitiMortgage failed to comply with the notice requirements of Georgia's foreclosure statute, O.C.G.A. § 44-14-162.2; that "Defendants" failed to comply with Paragraph 22 of the Security Deed; and that "Defendants'" notice of foreclosure and published advertisement of the foreclosure sale failed to meet the minimum legal requirements imposed by the Security Deed and Georgia law.

39

With regard to Plaintiffs' allegation that the Pendergast law firm somehow breached its fiduciary duty to Plaintiffs to exercise the power of sale in good faith (Compl. ¶ 22), this Court has held that under circumstances similar to those in Plaintiffs' case, a foreclosure law firm owes no duty to its client's adversary. See Vieira v. Citigroup, Inc., No. 1:12-CV-1636-TWT, 2012 WL 6194350, at *5 (N.D. Ga. Dec. 12, 2012) (stating that "there is no possibility that the Plaintiff can establish a claim against Pendergast for wrongful foreclosure"); see also McCarter, 247 Ga. App. at 132-33, 543 S.E.2d at 758 (concluding that law firm hired by lender to assist with foreclosure proceedings did not breach any tort duties owed to borrower so as to render it liable for wrongful foreclosure, where the borrower was in default and the lender had the right to foreclose). Plaintiffs' complaint also fails to set forth any factual allegations showing or tending to show that the Pendergast law firm owed any legal duty to Plaintiffs or breached any fiduciary duty to Plaintiffs.

For the reasons stated, I conclude that Plaintiffs have failed to state a plausible claim against the Pendergast law firm (and/or the individual Pendergast defendants) for wrongful foreclosure. Accordingly, I recommend that the Pendergast Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' wrongful foreclosure claim be granted.

AO 72A
(Rev.8/82)

**2.     Plaintiffs' Remaining State Law Claims**

For the same or similar reasons as those set out in the section addressing CitiMortgage's motion to dismiss, Plaintiffs' remaining state law claims against the Pendergast Defendants for trespass, malicious eviction, violation of Georgia's RICO statute, intentional infliction of emotional distress, attorney's fees, expenses of litigation, and punitive damages are also due to be dismissed.  The claims are contingent on a finding of liability under Plaintiffs' state law wrongful foreclosure claim, which I have recommended be dismissed.  Even if the remaining state law claims were not contingent, Plaintiffs' conclusory allegations fail to state a plausible claim, under Rule 8, as clarified in Iqbal/Twombly.  I therefore recommend that the Pendergast Defendants' motion to dismiss Plaintiffs' remaining state law claims be granted.

**3.     Fair Debt Collection Practices Act**

Plaintiffs' claims under the FDCPA also fail to state a plausible claim.  Count VI of Plaintiffs' complaint alleges that the "[f]oreclosure law firm defendant instituted the non-judicial foreclosure action against plaintiffs, failing [sic] to provide contractual notice required by the security deed, failing [sic] to provide notice required by Georgia Law, and failing [sic] to identify the name of the secured creditor." (Compl. ¶ 58). Plaintiffs' allegations lack sufficient factual support to state a plausible claim that the

41

Pendergast law firm violated any particular provision of the FDCPA.  The FDCPA does not require a debt collector to provide contractual notice in accordance with the subject security deed or statutory notice pursuant to Georgia's foreclosure statute.  Nor does the FDCPA require the identification of "the secured creditor" in a debt collector's notice of debt.  See 15 U.S.C. § 1692g(a)(2).  Although Plaintiffs' complaint does allege, in conclusory fashion, that the Notice of Foreclosure Sale mailed by the Pendergast law firm to Plaintiffs in some unspecified way "misidentif[ied] the secured creditor" (Compl. ¶ 11), a review of the document shows that no entity is identified (or misidentified) as "the secured creditor." (Doc. 1-4 at 2-4).  Thus, Plaintiffs' conclusory allegation is contradicted by the governing exhibit.  See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (concluding that when the exhibits contradict the general and conclusory allegations of the pleading, "the exhibits govern"); see also Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.").

42

Plaintiffs' remaining Count VI allegations are nothing more than "formulaic recitations" of the elements of claims under the FDCPA "couched as factual allegations," which are insufficient to withstand a Rule 12(b)(6) motion to dismiss, as clarified in Iqbal/Twombly.   See Iqbal, 556 U.S. at 680-81 (concluding that the complaint's allegations amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim were "conclusory and not entitled to be assumed true").

Plaintiffs' FDCPA count also alleges, without any factual support, that CitiMortgage retained the services of the Pendergast law firm "for collection in regards to an alleged delinquency of Plaintiffs' rent" and that collection of past due rent as part of the eviction process "is subject to the FDCPA."   (Compl. ¶¶ 53-54).   These conclusory allegations, however, do not permit the Court "to infer more than the mere possibility of misconduct"; thus, "the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"   Iqbal, 556 U.S. at 679.   Plaintiffs have failed to allege sufficient facts showing, or tending to show, that the Pendergast law firm made a false, deceptive or misleading representation, or used any other unfair or unconscionable means to collect a debt, in violation of the FDCPA.

For the reasons stated, Plaintiffs have failed to state a plausible claim against the Pendergast law firm or the other Pendergast defendants under the FDCPA.

43

Accordingly, I recommend that the Pendergast Defendants' motion to dismiss Count VI of Plaintiffs' complaint be granted.

### 4.    Conclusion

Like Plaintiffs' allegations against CitiMortgage, Plaintiffs' factual allegations are far from sufficient to support any of the claims that Plaintiffs have asserted against the Pendergast Defendants in this action with regard to the loan and Property at issue in this case.  For all the stated reasons, Plaintiffs' complaint fails to state a cognizable claim against the Pendergast Defendants.   Accordingly, I recommend that the Pendergast Defendants' Rule 12(b)(6) motion to dismiss (Doc. 6) be **GRANTED** in its entirety.

## IV.  <u>CONCLUSION</u>

For the reasons stated in this Non-Final Report and Recommendation, I **RECOMMEND** the following:

(1)    that CitiMortgage's Rule 12(b)(6) motion to dismiss (Doc. 6) be **GRANTED**; and

(2)    that the Pendergast Defendants' Rule 12(b)(6) motion to dismiss (Doc. 3) also be **GRANTED**.

44

The Clerk's Office should <u>not</u> terminate the referral to the undersigned magistrate judge at this time because there is a pending motion for sanctions that will be addressed in a separate order at a later date.  (Doc. 14).

**IT IS SO RECOMMENDED**, this 20th day of December, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

45